# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA ALFONSO SANTANA,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>UNITED STATES OF AMERICA,<br>　　　　　　　　　　Defendant. | CASE NO. 17cv0386 JM(NLS)<br><br>ORDER DENYING MOTION TO STRIKE |

Pursuant to Fed.R.Civ.P. 12(f), Defendant the United States of America ("Defendant") moves to strike the second claim for Failure to Inform as redundant to the claim for Medical Negligence. Plaintiff Elena Alfonso Santana opposes the motion. Pursuant to L.R. 7.1(d)(1), the court finds the matters submitted appropriate for decision without oral arguments. For the reasons set forth below, the court denies the motion to strike.

## BACKGROUND

On February 24, 2017, Plaintiff commenced this Federal Tort Claims Act ("FTCA") case by filing a complaint alleging two claims for Medical Negligence and Failure to Inform. Plaintiff seeks damages for Defendant's alleged "failure to diagnose and treat Plaintiff's lung cancer due to the medical negligence of employees or qualified contractors of the North County Health Project, Inc." (Compl. ¶5).

On January 13, 2014, Plaintiff was referred to a pulmonologist "for diagnostic testing of a known lung mass." (Compl. ¶12). Following a fine needle aspiration and

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA ALFONSO SANTANA,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>UNITED STATES OF AMERICA,<br>　　　　　　　　　　Defendant. | CASE NO. 17cv0386 JM(NLS)<br><br>ORDER DENYING MOTION TO STRIKE |

Pursuant to Fed.R.Civ.P. 12(f), Defendant the United States of America ("Defendant") moves to strike the second claim for Failure to Inform as redundant to the claim for Medical Negligence. Plaintiff Elena Alfonso Santana opposes the motion. Pursuant to L.R. 7.1(d)(1), the court finds the matters submitted appropriate for decision without oral arguments. For the reasons set forth below, the court denies the motion to strike.

## BACKGROUND

On February 24, 2017, Plaintiff commenced this Federal Tort Claims Act ("FTCA") case by filing a complaint alleging two claims for Medical Negligence and Failure to Inform. Plaintiff seeks damages for Defendant's alleged "failure to diagnose and treat Plaintiff's lung cancer due to the medical negligence of employees or qualified contractors of the North County Health Project, Inc." (Compl. ¶5).

On January 13, 2014, Plaintiff was referred to a pulmonologist "for diagnostic testing of a known lung mass." (Compl. ¶12). Following a fine needle aspiration and

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA ALFONSO SANTANA,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>UNITED STATES OF AMERICA,<br>　　　　　　　　　　Defendant. | CASE NO. 17cv0386 JM(NLS)<br><br>ORDER DENYING MOTION TO STRIKE |

Pursuant to Fed.R.Civ.P. 12(f), Defendant the United States of America ("Defendant") moves to strike the second claim for Failure to Inform as redundant to the claim for Medical Negligence. Plaintiff Elena Alfonso Santana opposes the motion. Pursuant to L.R. 7.1(d)(1), the court finds the matters submitted appropriate for decision without oral arguments. For the reasons set forth below, the court denies the motion to strike.

## BACKGROUND

On February 24, 2017, Plaintiff commenced this Federal Tort Claims Act ("FTCA") case by filing a complaint alleging two claims for Medical Negligence and Failure to Inform. Plaintiff seeks damages for Defendant's alleged "failure to diagnose and treat Plaintiff's lung cancer due to the medical negligence of employees or qualified contractors of the North County Health Project, Inc." (Compl. ¶5).

On January 13, 2014, Plaintiff was referred to a pulmonologist "for diagnostic testing of a known lung mass." (Compl. ¶12). Following a fine needle aspiration and

biopsy, Plaintiff was informed that the pathology results were negative for carcinoma. However, Plaintiff was not informed that the "biopsy was actually positive for adenocarcinoma of the lung." (Compl. ¶13). As a result of "not being aware of the cancer, and therefore delaying treatment for same, [] the cancer metastasiz[ed]." Id. The alleged failure to inform Plaintiff of the cancer diagnosis shortened Plaintiff's life expectancy and caused her severe and serious injury. (Compl. ¶14).

## DISCUSSION

A party may move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 12(f). In general, motions to strike are disfavored because of the potential for delay and the preference for resolving matters on the merits. When doubt exists as to the relevance of challenged allegations, courts err on the side of permitting the allegations to stand, particularly where no prejudice is demonstrated. See Dah Chong Hong, Ltd. v. Silk Greenhouse, 719 F.Supp. 1072, 1073 (M.D. Fl. 1989).

Defendant argues that the Failure to Inform claim is impermissibly redundant to the Medical Negligence claim because both claims are premised on Defendant's alleged failure to inform Plaintiff that she suffered from adenocarcinoma of the lung. (Compl. ¶¶13, 19). While there is substantial support for Defendant's argument, the court declines to grant the motion because the case is in its infancy, discovery has yet to commence, and the preference is to resolve matters on the merits. Furthermore, in light of Defendant's argument that the two claims are really a single claim for Medical Negligence, the court notes that there is no prejudice in allowing discovery to proceed.

In sum, the court denies the motion to strike.

**IT IS SO ORDERED.**

DATED: July 12, 2017

_____
**JEFFREY T. MILLER**
United States District Judge

cc: All parties